UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CHRISTINE RODGERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:12-CV-95 |
| | ) | (VARLAN/SHIRLEY) |
| FLAGSTAR BANK and | ) | |
| WEISS SPICER CASH, PLLC, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM OPINION AND ORDER

This civil action is before the Court on the Motion to Dismiss [Doc. 4] of defendant Flagstar Bank ("FSB"), for failure to state a claim for which relief may be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has not responded to the motion to dismiss and the time for doing so has passed. *See* E.D. Tenn. L.R. 7.1(a), 7.2. After reviewing FSB's motion, the memorandum in support, and plaintiff's complaint, along with the relevant law, the Court finds the motion well-taken and it will be **GRANTED** for the reasons set forth herein. FSB will therefore be **DISMISSED** from this case.

I.     **Relevant Facts**

The following facts are taken from the complaint and will be assumed as true for purposes of the motions to dismiss. *See, e.g.*, *Directv, Inc. v. Treesch*, 487 F.3d 471, 476 (6th Cir. 2007) (noting that in ruling upon motions to dismiss under Rule 12(b)(6), a court must

"construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff").

According to the complaint, on or about September 25, 2008, plaintiff executed a Note and Deed of Trust ("Deed of Trust") in favor of Palmetto South Mortgage Corp. to fund the purchase of property located 644 Park Vista Way, Gatlinburg, Tennessee (the "Property") [Doc. 1-1, ¶¶ 5, 6]. Following the purchase of the Property, plaintiff listed the Property as an overnight rental property with Venture Resorts, Inc., d/b/a Gatlinburg Falls Resort Rentals [*Id.*, ¶ 7]. Following execution of the Note and Deed of Trust, the servicing of plaintiff's mortgage was transferred to FSB, which continued to service the Note [*Id.*, ¶ 6]. At some point, as a result of the downturn in the economy, plaintiff began taking a loss on the Property [*Id.*, ¶ 8]. As a result, on or about August 29, 2011, plaintiff listed the Property for a short sale [*Id.*]. Plaintiff alleges that her agent submitted short sale offers on the Property to FSB, but that these offers were not approved in time to allow for sale of the Property [*Id.*, ¶ 9]. As a result, plaintiff alleges that foreclosure proceedings have now been commenced for the Property [*Id.*, ¶ 13].

Plaintiff then commenced this lawsuit by filing her complaint in the Circuit Court of Sevier County, Tennessee, seeking an order from the state court to allow for a short sale of the Property, to obtain an interest rate modification, or to otherwise remedy plaintiff's default [*Id.*, ¶ 12]. In her complaint, plaintiff alleges a breach of fiduciary duty on the part of FSB, asserting that it mislead plaintiff about the status of her loan, "slow walked" her into the foreclosure proceedings, and delayed the processing and approval of short sale offers

2

submitted on the Property. Plaintiff also alleges that FSB violated the Tennessee Consumer Protection Act ("TCPA") by practicing deceptive banking practices.

## II.     Standard of Review

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In 2007, the United States Supreme Court modified the pleading standard in the context of antitrust cases. *Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Notably, the Supreme Court held that in order to survive a 12(b)(6) motion to dismiss—which attacks the sufficiency of a complaint—the plaintiff must state a claim for relief that is plausible on its face. *Id.* In 2009, the Supreme Court extended the *Twombly* (or plausibility) standard to all federal civil cases. *Ashcroft v. Iqbal*, 556 U.S. 662, —, 129 S.Ct. 1937, 1953 (2009).

In order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint must contain allegations supporting all material elements of the claims. *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008). In determining whether to grant a motion to dismiss, all well-pleaded allegations must be taken as true and must be construed most favorably toward the non-movant. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. A formulaic recitation of the elements of a cause of action will not do. *Id.* Nor will an "unadorned, the-defendant-unlawfully harmed-me accusation." *Iqbal*, 129 S. Ct. at 1937. A pleading must instead "contain either direct or

inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-37 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

**III.    Analysis**

FSB asserts that plaintiff has failed to assert sufficient facts to support either of her alleged causes of action and has failed to show any entitlement to relief. Accordingly, FSB asserts that plaintiff's claims should be dismissed as a matter of law.

**A.    Fiduciary Duty**

FSB asserts that, as a creditor of plaintiff, it does not owe plaintiff any fiduciary duty, nor has such a duty been breached.

Under Tennessee law, a fiduciary relationship "arises when one person reposes special trust and confidence in another person and that other person—the fiduciary—undertakes to assume responsibility for the affairs of the other party." *Overstreet v. TRW Commercial Steering Div.*, 256 S.W.3d 626, 641-42 (Tenn. 2008). Out of this relationship arises a fiduciary duty "to act for and to give advice for the benefit of the other person on matters within the scope of the relationship." *Id.* at 642. According to FSB, under Tennessee law, where the relationship between the parties is one of debtor and creditor, there is no fiduciary duty. *See Glazer v. First Am. Nat'l Bank*, 930 S.W.2d 546, 550 (Tenn. 1996). Moreover, Tenn. Code Ann. § 45-1-127(a) specifically provides that:

4

> No financial institution… shall be deemed or implied to be acting as a fiduciary or have a fiduciary obligation or responsibility to its customer or other parties, other than shareholders of the institution, unless there is a written agency or trust agreement under which the financial institution specifically agrees to act and perform in the capacity of a fiduciary.

Tenn. Code Ann. § 45-1-127(a).

Here, beyond allegations that FSB owed and violated fiduciary duties, plaintiff has alleged no additional facts such as the existence of a written agency or trust agreement that would remove this case from the typical debtor-creditor relationship in which the creditor does not have fiduciary obligations to the debtor. *See Womac v. First Volunteer Bank*, No. 1:10-CV-00052, 2012 WL 12465, at *9 (E.D. Tenn. Jan. 3, 2012). Accordingly, because the Court finds no allegation that the relationship between plaintiff and FSB is more than that of a debtor and creditor, and with no allegation of any special trust or confidence, the Court finds that FSB does not owe a fiduciary duty to plaintiff and therefore there could have been no breach of any such duties. Accordingly, this claim will be **DISMISSED** for failure to state a claim.

    **B.**    **TCPA Claim**

To recover under the TCPA, a plaintiff must allege the existence of: (1) an unfair or deceptive act or practice, (2) that causes (3) an ascertainable loss of money or property. Tenn. Code Ann. § 47-18-109(a)(1). Under the TCPA, a deceptive practice is one that is likely to mislead a reasonable consumer. *Hinton v. Wachovia Bank of Del. N.A.*, 189 F. App'x 394, 400 (6th Cir. 2006). A plaintiff must also plead facts that show that the unfair

5

or deceptive acts proximately caused his or her injuries. *White v. Early*, 211 S.W.3d 723, 741 (Tenn. Ct. App. 2006). In addition, for the TCPA to apply, "the unfair or deceptive acts must affect trade or commerce," as defined by the TCPA. *Davenport v. Bates*, No. M2005-02052-COA-R3-CV, 2006 WL 3627875 (Tenn. Ct. App. Dec. 12, 2006).

Plaintiff asserts that FSB violated the TCPA by practicing deceptive banking practices. FSB argues the claim should be dismissed because the TCPA does not apply to foreclosure activities [Doc. 5]. The Court agrees with FSB, and will dismiss plaintiff's TCPA claim for this reason. *See Flynn v. GMAC Mortg., LLC*, No. 3:11-CV-416, 2011 WL 4708858, at *2-*3 (E. D. Tenn. Oct. 4, 2011) (dismissing the plaintiff's TCPA claim because "the TCPA does not apply to repossession and collateral disposition activities by creditors, including foreclosure activities"); *Hunter v. Wash. Mut. Bank*, No. 2:08-CV-69, 2008 WL 4206604, at *5-6 (E.D. Tenn. Sept. 10, 2008) (granting the bank's motion to dismiss TCPA claim based upon foreclosure); *Pursell v. First Am. Nat'l Bank*, 937 S.W.2d 838, 841-42 (Tenn. 1996) (affirming the dismissal of the TCPA claim and holding that the bank's actions in repossessing collateral did not affect trade or commerce within the meaning of the TCPA).

Accordingly, and for the foregoing reason, plaintiff has failed to state a claim under the TCPA against FSB related to its foreclosure activities and this claim will also be **DISMISSED**.

### C. Attorney's Fees

As to FSB's request for attorney's fees under the TCPA, Tenn. Code Ann. § 47-18-109(e)(2), that statute provides that "[i]n any private action commenced under this section,

6

upon finding that the action is frivolous, without legal or factual merit, or brought for the purpose of harassment, the court may require the person instituting the action to indemnify the defendant for any damages incurred, including reasonable attorney's fees and costs." As one district court has noted, "[a]s the language of the statute makes clear, even where this prerequisite is met, whether or not to award fees is discretionary with the court." *Lubber, Inc. v. Optari, LLC*, No. 3:11-0042, 2011 WL 4738264, at *12 (M.D. Tenn. Oct. 6, 2011) (quotation and citation omitted). The Court, in its discretion, does not find this action warranting the imposition of attorney's fees.

## IV. Conclusion

For the reasons given above, the Court finds the Motion to Dismiss [Doc. 4] of FSB well-taken and it is **GRANTED**. Plaintiff's claims against FSB are therefore **DISMISSED** and FSB is **DISMISSED** as a defendant from this case.

IT IS SO ORDERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE

ENTERED AS A JUDGMENT
  s/ *Debra C. Poplin*
 CLERK OF COURT